PER CURIAM.
The plaintiff sued the defendant in negligence. The defendant denied any negligence and asserted the defenses of contributory negligence and assumption of the risk. At the conclusion of the plaintiff’s evidence the defense moved for a directed verdict which was denied, and again so moved at the conclusion of its case, which motion was again denied. After two hours of deliberation the jury announced that it could not arrive at a verdict. In view thereof a mistrial was declared and within seven days the defense moved, in writing, for judgment in accordance with the motions for directed verdict it had previously made, and hearing was thereafter held. The trial court heard argument and entered jugdment for the defendant in an order containing the following language:
“ * * * [T]he Court * * * is of the opinion that the plaintiff at the trial of said cause failed to carry his burden of proof by a preponderance of the evidence that the defendant * * * was guilty of negligence as alleged in plaintiff’s Amended Complaint, and * * * of the opinion that the proximate cause of the accident of February 3, 1959, in which plaintiff was injured was the negligence of the plaintiff * *
The appellant alleges that the court’s opinion makes obvious that it decided factual issues to be determined by a jury and its decision is therefore reversible.
We have examined the record and find that the plaintiff-appellant has not established a prima facie case of negligence. While the wording of the lower court’s order may have tended to lead to the conclusion that the court had invaded the province of the jury, we find that the court, was eminently correct in directing verdict for the defendant and, therefore, the order appealed is hereby affirmed.
Affirmed.
SHANNON, Acting- C. J., and PIERCE, J., and SMITH, JAMES T., Associate Judge, concur.